TOWNSEND, District Judge.
Motion to amend answer. The complainants herein, by the usual bill, ask for an injunction and accounting by reason of the alleged infringement of their patent. No. *333 328,019, granted October 13, 1885, to Thaddeus Fowler. The defendant moves to amend its answer by adding thereto the names of certain persons alleged to have previously known and used said improvement, in order to lay the foundation for introducing newly-discovered evidence that the patentee was not the first or original inventor thereof. Complainants object to said amendment on the ground that the question of validity is res adjudicata. In a former litigation upon the merits between the complainants and certain vendees of G. W. Griffin & Co., the court entered a formal decree dismissing the bill. Thompson v. Jennings, 66 Fed. 57. Complainants thereupon filed a •disclaimer, and brought this suit against another vendee of said Griffin & 'Co. It appears from the pleadings and the opinion of the court that the questions of validity of the two claims of said patent and of infringement were in issue, and that the court found that the first -claim of the patent was valid. Complainants contend that the opinion of-the court is evidence of what matters were actually adjudicated therein, and that such general decree of dismissal cannot be claimed to qualify the adjudication of the issues actually litigated and determined. It is unnecessary to deny this contention, or to affirm the contention of defendant as to the effect in this action of said disclaimer, or of the language of the court in construing the first claim of said patent. In order that said former judgment should operate -as an estoppel, it is essential that there should be certainty to every intent. Unless it appears from the record or consistent extrinsic evidence that the particular matter sought to be concluded was necessarily tried or determined, so that the judgment could not have been rendered without deciding it, there is no- estoppel. Russell v. Place, 91 U. S. 606, 610. Here, whatever may be claimed from the opinion of the court as to the first claim or infringement thereof, neither the opinion nor the decree shows whether the second claim of the patent is or is not valid. Therefore, within the rule laid down in Packet Co. v. Sickles, 5 Wall. 580, the defendant is not estopped to make the amendment as prayed for. The motion is granted.