RUMFORD CHEMICAL WORKS v. HYGIENIC CHEMICAL CO.

(Circuit Court of Appeals, Third Circuit.   April 26, 1907.)

No. 18.

PATENTS—SUIT FOR INFRINGEMENT—EVIDENCE.
Evidence in a suit for infringement of a patent *held* insufficient to show that the defendant was privy to a prior suit brought by complainant against others so as to render a deposition taken therein admissible against defendant.

Appeal from the Circuit Court of the United States for the District of New Jersey.

For opinion below, see 148 Fed. 862.

Philip Mauro and C. A. L. Massie, for appellant.

Whitridge, Butler & Rice (Willard Parker Butler and Edwin T. Rice, of counsel), for appellee.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge. This is an appeal from a decree entered by the Circuit Court for the District of New Jersey dismissing, for noninfringement, a bill in equity filed by the Rumford Chemical

154 F.—5

Works which charged the Hygienic Chemical Company of New Jersey with infringement of a patent. The court below held there was no proof of infringement, and there is no error in its so holding, if the testimony of one Clotworthy was rightfully excluded. This excluded deposition of Clotworthy, now deceased, was taken in a suit in the Circuit Court for the Southern District of New York (125 Fed. 231 and 134 Fed. 385, 67 C. C. A. 367), wherein the Rumford Chemical Works, the present appellant, was complainant, and the New York Baking Powder Company et al., respondents. It is alleged the respondent in the present case aided in, and contributed to, the defense of that case. On that point, however, the proofs fail. There is no proof that the present respondent, the Hygienic Chemical Company of New Jersey contributed to the expense of the New York suit or bore the relation of privy or party to that litigation. While the Hygienic Chemical Company of New York did contribute to the defense, and one Heller, who was President of both companies, was a witness in that case, there is no sufficient proof to connect the present respondent with the defense of that case. We are therefore of opinion the court below rightly excluded Clotworthy's testimony.

The decree of the court is affirmed.