RUMFORD CHEMICAL WORKS *v.* HYGIENIC CHEMI-
CAL COMPANY OF NEW JERSEY.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE
THIRD CIRCUIT.

HYGIENIC CHEMICAL COMPANY OF NEW YORK *v.*
RUMFORD CHEMICAL WORKS.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE
SECOND CIRCUIT.

Nos. 9, 121.   Argued November 1, 1909.—Decided November 29, 1909.

Although in subsequent cases a party may have proved his facts, the
question when here must be decided on the evidence below in the
particular case.

Although one not a party may have contributed to the expenses of a
former suit by reason of business or indirect interest, if it is not
shown he had any right to participate in the conduct of the case he is
not bound as a privy.

Where the Circuit Court and Circuit Court of Appeals of the same
circuit agree on certain facts this court will not reverse the finding
in a case coming from that circuit notwithstanding the same fact
may not have been found by the courts of another circuit.

154 Fed. Rep. 65, affirmed; 157 Fed. Rep. 436, reversed.

THE facts are stated in the opinion.

*Mr. Philip Mauro,* with whom *Mr. C. A. L. Massie* was on
the brief, for Rumford Chemical Works:

A *prima facie* case against both Hygienic companies is
made out by the admissions without the aid of other proof
regardless of the Clotworthy deposition. *Hutter* v. *Stopper Co.,*
128 Fed. Rep. 283; *United Shirt & Collar Co.* v. *Beattie,* 149
Fed. Rep. 736, 742.

There was no denial or explanation by either infringing
company: cases *supra* and *Signal Co.* v. *Electric Co.,* 97 Fed.
Rep. 810; aff'd 107 Fed. Rep. 284; *Hemolin* v. *Dyewood Co.,*

131 Fed. Rep. 483; aff'd 138 Fed. Rep. 54; certiorari denied, 199 U. S. 608.

The Clotworthy deposition should have been received. A court may take judicial cognizance of its own records in a former litigation, especially one in which present parties were privies. *Butler* v. *Eaton*, 141 U. S. 240; *Aspen Mining Co.* v. *Billings*, 150 U. S. 31, 38; *Crœmer* v. *Washington*, 168 U. S. 124, 129; *Re Boardman*, 169 U. S. 39, 44; *Bresnahan* v. *Tripp Co.*, 72 Fed. Rep. 920; *Cushman Box Co.* v. *Goddard*, 97 Fed. Rep. 664; *Des Moines Nav. Co.* v. *Homestead Co.*, 123 U. S. 552; *United States* v. *Des Moines Nav. Co.*, 142 U. S. 510; *National Co.* v. *Dayton Co.*, 95 Fed. Rep. 991, 996. Both the Hygienic companies were "parties" to the test suit. 3 Robinson on Patents, § 1176; *Robbins* v. *Chicago*, 4 Wall. 657; *Penfield* v. *Potts*, 126 Fed. Rep. 475, 480; *Cromwell* v. *Sac County*, 94 U. S. 351.

*Mr. Edwin T. Rice*, with whom *Mr. Willard Parker Butler* was on the brief, for the Hygienic Chemical Companies:

Privity was not shown between either of the Hygienic companies and the defendant on the test suit. Privity must be affirmatively shown. *Johnson* v. *Powers*, 139 U. S. 156; *Litchfield* v. *Goodnow*, 123 U. S. 549; *Theller* v. *Hershey*, 89 Fed. Rep. 575; *Felting Co.* v. *Asbestos Co.*, 4 Fed. Rep. 816; *Telephone Co.* v. *Telephone Co.*, 27 Fed. Rep. 663; *Miller* v. *Tobacco Co.*, 7 Fed. Rep. 91; *Eagle Co.* v. *Bradley Co.*, 50 Fed. Rep. 193; *S. C.*, 57 Fed. Rep. 980; *Box Co.* v. *Paper Co.*, 95 Fed. Rep. 991; *Lane* v. *Wells*, 99 Fed. Rep. 286.

The Circuit Court of Appeals of the Second Court erred in taking judicial notice of matters outside the record. *Stanley* v. *McElrath*, 86 California, 449; *Downing* v. *Howlett*, 6 Colo. App. 291; *Adler* v. *Lang*, 26 Mo. App. 226; *Grace* v. *Ballou*, 4 S. D. 333; *Re Manderson*, 51 Fed. Rep. 501; *Streeter* v. *Streeter*, 43 Illinois, 155; *Taylor* v. *Adams*, 115 Illinois, 570; *Loomis* v. *Griffin*, 78 Iowa, 482; *Granger* v. *Griffin*, 78 Iowa, 759; *Banks* v. *Burnam*, 61 Missouri, 76; *Spurlock* v. *Mo. Pac. Ry.*,

76 Missouri, 67; *Daniel* v. *Bellany*, 91 N. C. 78; *People* v. *De La Guerra*, 24 California, 73; *State* v. *Edwards*, 19 Missouri, 674; *Baker* v. *Mygatt*, 14 Iowa, 131; *Allison* v. *Insurance Co.*, 104 N. W. Rep. 753; *Re Osborne*, 115 Fed. Rep. 1; *Bank* v. *Taylor*, 86 Ill. App. 388; *Ralphs* v. *Hensler*, 97 California, 296; *McCormick* v. *Herndon*, 67 Wisconsin, 648; *Enix* v. *Miller*, 54 Iowa, 551; *Eyster* v. *Gaff*, 91 U. S. 521; *State* v. *Wilson*, 39 Mo. App. 114; *Water Co.* v. *Cowles*, 31 California, 215; 1 Wharton on Evidence, § 326.

The chemical company failed to make out a *prima facie* case. *Bates* v. *Coe*, 98 U. S. 31, 49; *Royer* v. *Chicago Mfg. Co.*, 20 Fed. Rep. 853.

The extract from the Clotworthy deposition was inadmissible as against the Hygienic companies. *Street Railway Co.* v. *Gumby*, 99 Fed. Rep. 192; Chase's Stephen's Evidence, 2d ed., Art. 32; Greenleaf on Evidence, § 163; *Insurance Co.* v. *Commissioners*, 117 Fed. Rep. 82.

MR. JUSTICE HOLMES delivered the opinion of the court.

These are two suits in equity brought by the Rumford Chemical Company for the infringement of a patent for baking powders; one, No. 9, brought in the Third Circuit, New Jersey, against the Hygienic Chemical Company, a corporation of that State; the other, No. 121, brought in the Second Circuit, New York, against a New York corporation of the same name. The two cases were tried on substantially the same record and evidence, with the result that in New Jersey the bill was dismissed by the Circuit Court of Appeals, 154 Fed. Rep. 65; 83 C. C. A. 177, but in New York the bill was sustained. 159 Fed. Rep. 436; 86 C. C. A. 416. Writs of certiorari were granted by this court.

The defendants rested on the plaintiff's evidence, and the question in both suits was whether a *prima facie* case had been made out. It did not appear that the defendants made or sold baking powders as such, but the New Jersey Company did make acid phosphates for baking powders and other pur-

poses, and the New York Company sold the great part of its products. The plaintiff contended that this acid phosphate had the characteristics described in its patent, and was made and sold for use in baking powders, and that the manufacture and sale were an infringement of its rights. A previous decision, *Rumford Chemical Works* v. *New York Baking Powder Co.*, 134 Fed. Rep. 385; 67 C. C. A. 367, establishing the patent, was relied upon as a test case by which the defendants were bound, but, except the final decree, entered after the beginning of the present suits, the record was not put in. It would seem, from a late case, that the plaintiff was correct in point of fact, *Provident Chemical Works* v. *Hygienic Chemical Co.*, 170 Fed. Rep. 523, but the question here must be discussed, of course, on the evidence before the court below. The question is material as bearing upon the admissibility of the evidence of one Clotworthy, since dead, given in the suit against the New York Baking Powder Company, upon which the plaintiff relied.

Clotworthy was the president and general manager of the Clotworthy Chemical Company and was a manufacturer of baking powder. He testified to the purchase from the Hygienic Company of New York of a barrel of granular acid phosphate, shown to be similar to that described in the plaintiff's patent. A bill from the New Jersey Company and a receipt from the New York Company also were produced and put in. The courts in both circuits rightly regarded this as the most important, if not the only evidence to make out the infringement alleged. Therefore it was necessary that the plaintiff should prove that the defendants were privy to the New York Baking Powder Company's case.

To prove privity Heller, the president of the defendant companies, was called and asked as to his testimony on the former occasion. He admitted that he then had testified that "we are manufacturers of granulated acid phosphate and are selling to the trade in the same way as" the former defendants; also that he had testified that "we have [undertaken to assist in bearing the burdens of this defence and have contributed to

the defence] financially and otherwise." By the natural interpretation of the word in the connection in which it was used 'we' embraced the New Jersey company, and fairly may be argued to have meant both. Heller swore that these answers were true, but with the qualification that he did not think that the New Jersey corporation contributed financially, and that he did not remember whether it did otherwise. All the courts agree that the privity of the New Jersey corporation was not made out. Probably all, and at least the Circuit Court of Appeals and the Circuit Court for the Third Circuit, 148 Fed. Rep. 862, agree that if Clotworthy's testimony is excluded infringement is not proved. We should not revise this finding of both courts on the facts, and therefore it follows that the New Jersey decree must be affirmed. The evidence on both sides is discussed in 148 Fed. Rep. 862.

It appears that the New York company contributed to the expenses of the former case. But that fact alone is not enough to warrant a different result. The agreement disclosed in 170 Fed. Rep. 523, was not before the court. We may reject as extravagant the suggestion that the contribution may have been made from charitable motives, and assume that it was induced by reasons of business and indirect interest, but it was not shown that as between the present and former defendants either Hygienic company had the right to intermeddle in any way in the conduct of the case. The Hygienic Companies would have been glad to see the Rumford patent declared void and were willing to pay something to that end. That was all and that did not make them privies, and therefore the Clotworthy deposition was not admissible against them. *Litchfield* v. *Goodnow*, 123 U. S. 549, 550. Whether if it had been admitted, infringement could have been inferred from the sale of a barrel of granular acid phosphate to a manufacturer of baking powder need not be considered. There was other evidence in the case.

*Decree in No. 9 affirmed.*
*Decree in No. 121 reversed.*