## GENERAL METALWARE CO. v. NELSON.
### No. 11464.

Circuit Court of Appeals, Eighth Circuit.

Nov. 4, 1939.

G. H. Braddock, of Minneapolis, Minn., for appellant.

Charles W. Owen, of Toledo, Ohio (Clifford A. Taney, Jr., of Minneapolis, Minn., was with him on the brief), for appellee.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

WOODROUGH, Circuit Judge.

The plaintiff sued for infringement of patent No. 2,012,846 applied for February 9, 1935, issued to Max Thue Bentzen, August 27, 1935. There was a trial on the merits and decree holding the patent void for want of invention and dismissing the bill of complaint. The plaintiff appeals.

The patent sued on relates to multiple outlet spouts "for vessels, as, for example, oil cans, gasoline cans and other containers" and covers in combination with such vessels means to reduce the flow of the liquid content from a spout of comparatively large capacity to the flow of a spout of comparatively small capacity and a spout closure cap. There are two claims, as follows:

"1. The combination with a vessel having a lower wall, a side wall and an upper wall, and a comparatively great flow capacity pouring spout in said upper wall, having an outlet situated adjacent said side wall of the vessel, of a closure device for said pouring spout consisting of both an adapter including a portion thereof removably attached to the outlet of said pouring spout and a second pouring spout of relatively smaller flow capacity disposed at a side of and outwardly of said pouring spout and having an outlet situated adjacent the vessel side wall, and a removable closure cap upon said second outlet spout, said closure device being removable in its entirety from the pouring spout, whereby said pouring spout can be employed for pouring into relatively large openings, and said closure cap being removable from said adapter, whereby said second pouring spout can be employed for pouring into comparatively small openings.

"2. A vessel having a comparatively great flow capacity pouring spout with outlet situated adjacent a side wall of the vessel, and a closure device for said pouring spout outlet, said closure device consisting of both an adapter including an annular portion threaded upon the outlet of said pouring spout and a second pouring spout of relatively smaller flow capacity with outlet situated adjacent the same side wall of the vessel to which said comparatively great flow capacity pouring spout outlet is adjacent, and a closure cap threaded upon said second pouring spout, said closure device being removable in its entirety from the comparatively great flow capacity pouring spout whereby said pouring spout can be employed for pouring into relatively large openings, and said closure cap being removable from said adapter whereby said second pouring spout of relatively smaller flow capacity can be employed for pouring into comparatively small openings."

On consideration of all the evidence the trial court entered the following findings and conclusions:

"Findings of Fact.

"I. The application for the patent to Bentzen, No. 2,012,846, in suit, as originally filed, was for a 'multiple outlet spout' without regard to its location on a vessel; the original claims were all for the multiple outlet spout feature without defining the location of the spout on the vessel, and the expressed object of the device of the patent was to equip a vessel (any vessel) with a plurality of selectively usable outlet spouts, including an outlet spout of comparatively great flow capacity leading directly from said vessel, and a second outlet spout of relatively smaller flow capacity leading from said first mentioned outlet spout.

"II. The stated objects of the Bentzen patent were not new with Bentzen, but were capable of fulfillment by and defined in very nearly the same words in each of the following prior art patents:

| | | | | |
|---|---|---|---|---|
| 1,086,796 | Tarrant | Feb. | 10, | 1914 |
| 1,687,120 | Blanchard | Oct. | 9, | 1928 |
| 1,750,205 | Willumson | March | 11, | 1930 |

"III. The specification of the Bentzen patent in suit expressly states (lines 17 to 19, page 1) that the vessel and its outlet spout with which the device of the patent was intended to be used 'may be of any type of customary spouted vessel, container or can now of commerce.'

"IV. It was old and common practice for more than two years prior to the filing of the Bentzen application for the patent in suit to use an oil can with an outlet spout

arranged adjacent to a side edge of its top, the same as shown in the patent in suit. This is shown in prior patent to Smith, No. 1,122,166.

"V. The two claims of the patent in suit differ from previously presented, rejected and canceled claims only by defining the particular location of the pouring spout on the vessel top.

"VI. The double pour spout feature and the spout location on the vessel are both separately and collectively old for the same purpose in the prior art patents of record.

"VII. The Bentzen device is shown and described in the prior art patents set up in the answer and included in the book of prior art patents, Defendant's Exhibit B.

"VIII. Each of the claims in suit reads directly element for element, among others, on the following prior patents:

| | | | |
|---|---|---|---|
| 162,134 | Wood | Apr. | 13, 1875 |
| 195,385 | Norris | Sept. | 18, 1877 |
| 329,247 | Weinedel | Oct. | 27, 1885 |
| 1,213,918 | Sterns | Jan. | 30, 1917 |
| 1,938,479 | Baker | Dec. | 5, 1933 |

British Patent 20,154 to Hecht of 1904

and the specific multiple pour spout feature of the claims, without regard to location of the spout on the vessel, is particularly disclosed by the following prior art patents:

| | | | |
|---|---|---|---|
| 382,191 | Redington | May | 1, 1888 |
| 652,793 | Low | July | 3, 1900 |
| 657,274 | Ritz | Sept. | 4, 1900 |
| 1,213,918 | Sterns | Jan. | 30, 1917 |

"IX. The New Delphos Manufacturing Company, of Delphos, Ohio, is the manufacturer of the cans complained of.

"Conclusions of Law.

"I. The claims of Bentzen patent No. 2,012,846 are each invalid for want of invention and patentable novelty over the prior art.

"II. The claims of the Bentzen patent No. 2,012,846 are each invalid as being for an alleged improvement different from that described in the specification of the patent.

"III. No invention was involved in applying the double pour spout cap of either Redington, 382,191, Low, 652,793, or Ritz, 657,274, to an oil can or vessel having a particularly located outlet spout; or in substituting the cap of any of said prior art patents for the screw cap on the pour spout 12 of the Smith patent 1,122,166, disclosing

a vessel of the same type as that of the patent in suit.

"IV. The bill of complaint should be dismissed at plaintiff's cost."

The appellant asserts error as to each of the findings (except IX) and as to each of the conclusions, and has argued at length each of the points raised by its assignments.

It has been stressed in the arguments as to each of the first five of the findings that the court gave undue prominence to particulars of the specifications and failed to take into account and consider together the application, specifications and claims of the patent as a whole. Especial complaint is directed to the court's finding (No. III) that the specifications of the patent expressly stated that the vessel and its outlet spout may be of any type of customary spouted vessel, container or can now of commerce.

■ We observe that the court accurately set forth the intendment of the particular specification in its finding and we discover no indication that any undue weight was given to it. It was of especial relevance in the light of the fact that the plaintiff had been making and selling oil cans like the accused device (without the flow reducing spout) for many years prior to the patent application herein. There was no error in the omission to state all of the contents of the letters patent. They have been studied and nothing is found to contradict or modify the part set forth in the court's finding. Neither do we find any failure to consider the letters patent as a whole.

■ It is also urged in the attacks upon the first five numbered findings that the court failed to consider and give due weight to the combination character of the claims of the patent. The core of the contentions is that even if the cans of the plaintiff's patent are old cans and have old spouts on them and there is no invention in locating the spouts on the cans, still there is a combination of can, spout and location of spout which in the entirety embodies invention. The field of the patent case law is reviewed through scores of decisions with abundant quotations and excerpts to establish that there are patentable combinations though the elements thereof are old, and appellant complains that the court erred in directing the findings too narrowly to the elements instead of to the claimed combination.

It is true that the courts have sought through many cases to point out and define the lines of demarcation between patentable

combinations and unpatentable aggregations. Possibly a simple rule readily applicable to all cases has not been found and marginal cases remain. But we are persuaded that this case does not come within that margin. The findings of the court are in accord with the proof and the court did not fall into any of the errors asserted in respect to them.

As to findings numbered VI, VII and VIII relating to the earlier patents, appellant presents carefully elaborated analysis of each patent and contends that each should be differentiated from the patent in suit and that the trial court was in error in its findings with respect to each one. Our conclusion is to the contrary, that the findings in respect to each are fully sustained by the patent record evidence. It is true, as forcefully contended for appellant, that the older patents relating to spouts adapted to discharge liquid contents out of cans never had referred to such spouts as *pouring* spouts as does the patent of the plaintiff. To that extent there is a difference, but it is not a substantial one.

■ Appellant complains that the court refused to permit the New Delphos Manufacturing Company, which is the manufacturer of the defendant's accused oil can, to intervene in this case. The Delphos Company petitioned for leave to intervene in the case a month after the court had handed down its decision and entered the order for the decree. We find no error available to the appellant in the court's exercise of its discretion in respect to the petition for leave to intervene.

The conclusions arrived at by the court are in accord with the facts and the law and no error appearing the decree is affirmed.