## DOHERTY RESEARCH CO. v. UNIVERSAL OIL PRODUCTS CO.

### No. 6820.

Circuit Court of Appeals, Seventh Circuit.

Nov. 9, 1939.

Dean S. Edmonds, of New York City, and Lincoln B. Smith, of Chicago, Ill., for appellant.

Alexander F. Reichmann, of Chicago, Ill., William F. Hall, of Washington, D. C., and Lee J. Gary, of Chicago, Ill., for appellee.

Before EVANS, TREANOR, and KERNER, Circuit Judges.

EVANS, Circuit Judge.

Plaintiff brought this suit to enjoin infringements of patents by it allegedly owned and to recover damages for past infringements.

Defendant denied plaintiff's title to the patents and pleaded *res adjudicata* of this title issue.

The defense of *res adjudicata* was predicated upon the outcome of a suit on the same patents instituted by plaintiff in the United States District Court of Kansas, against another alleged infringer, to-wit, the Vickers Petroleum Company. There the defense of no title in plaintiff was interposed and sustained. This decree was, on appeal, affirmed. Doherty Research Co. v. Vickers Pet. Co., 10 Cir., 80 F.2d 809.

Defendant asserts that it defended the Kansas suit, controlled the litigation, and its action, in so doing, was fully known to the plaintiff.

Defeated in the Kansas litigation, plaintiff pushed the instant suit brought in a different jurisdiction and again asserts its title to the patents. Avoidance of the defense of *res adjudicata* turns upon the existence or absence of proof of plaintiff's knowledge that the Kansas litigation was conducted and controlled by defendant herein. The fact was admittedly established that defendant herein hired and paid counsel and conducted and controlled the defense in the Kansas litigation. Did plaintiff have knowledge of such fact? That is the question dispositive of this appeal.

With admirable clarity, the District Court analyzed the legal question and the

factual issues which controlled it. The court found as a fact, and gave numerous reasons for its finding, that plaintiff knew defendant supplied the counsel and controlled the defense in the Kansas litigation.

Plaintiff assails this finding and argues rather persuasively that defendant did not reveal its identity as a director of the Kansas litigation or that it footed the sizeable bills which the counsel presented for legal services and costs. It points rather tellingly to defendant's pleading in the Kansas case which it argues is a solemn, deliberate statement to the effect that the defendant herein was not in the Kansas litigation. Therein, defendant who now asserts it represented Vickers, asserted:

"Vickers denied that it was 'being aided, abetted and encouraged in such alleged infringement by the Universal Oil Products Company in its operation of so-called "Dubbs Units." ' "

█ On the other hand, there is well nigh conclusive evidence that plaintiff, notwithstanding defendant's statement, did know of defendant's conduct of the Kansas litigation, for it wrote a letter while the litigation was pending, the inferences of which are hardly avoidable.

"It must be remembered however that the Universal Oil Products Company is now in the midst of taking testimony in a suit at Newark, N. J. This suit will probably continue for another three or four weeks, and therefore it is quite probable that if they object to having a hearing set for early in May, the Court would not force them to go on with a hearing. * * * Accordingly, if the Universal Oil Products Company attorneys will consent to a hearing for May 4th or 5th, I believe it is best to set the case down for hearing if it is satisfactory to the Court. On the other hand, if the Universal Oil Products Company attorneys object to setting the hearing for May, then we should try to work out some date which will be agreeable to them.

"I believe I have answered your questions and I have tried to indicate what policy it seems best to adopt with reference to the Universal Oil Products Company."

Moreover, the local counsel for defendant in the Kansas litigation wrote plaintiff's counsel when the suit was begun, as follows:

"The Vickers Petroleum Company has received a letter from R. J. Dunham, Vice President of Universal Oil Products Company, acknowledging receipt of copy of the petition and of the interrogatories.

"Mr. Dunham states in his letter that the Universal will take full charge of the defense under the terms of the License Agreement and that the company's attorneys have been so directed."

From the foregoing it might well be the finding of the court that plaintiff knew defendant herein was in charge of the defense in the Kansas litigation notwithstanding said defendant's efforts to conceal its tracks.

Not infrequently a situation similar to what here has arisen is presented in the trial of a patent suit. A party not the defendant of record, assumes the defense. At times it gives to the defendant a bond to protect it against loss.

In court, counsel for the real party in interest, with somewhat the same skill as an ostrich seeking to conceal itself, assumes a stranger-like attitude toward the client that hired and paid him. If successful however in the litigation, he immediately seeks to obtain an extension of the effect of the decree to his real, but unidentified client, who becomes as prominent now as he was secreted before. On the other hand, if defeated, his real client is not bound, so it is asserted, because not before the court.

His adversary takes exactly the opposite position. He knows the true status of opposing counsel, knows that his adversary's ostrich-like efforts to conceal his true relations are quite as ineffectual as they are grotesque. He, too, awaits the outcome of the litigation before he becomes certain of his knowledge of the true representation of his adversary. Thus, the question of knowledge becomes a hide and seek game—with the seeker delaying a diligent search until he knows the value of the outcome of the search—until hindsight gives him the benefit of judicial appraisal of the merits and priority of the invention.

We suggest that if counsel for plaintiff in this class of cases wish to know the facts, they should in open court ask their adversary whether he represents X, as well as the defendant of record. If adversary refuses to state and the court lets him remain silent, then said adversary can hardly assert thereafter that plaintiff knew he represented X. Likewise, if defendant wishes to end the litigation and make its

550

decree binding on plaintiff, as well as on his client X, all he need do is notify plaintiff's counsel that X is defending the litigation and that attorneys for the defendant are employed by X and in charge of the litigation. Thus will there be an end to the hide and seek tactics where the hider doesn't hide too hard, or the searcher search too diligently.

There is no controversy as to the law applicable in case knowledge is found to exist. The doctrine of *res adjudicata* applies, where a party other than the defendant of record defends and controls the litigation. Amdur on Patent Law and Practice, p. 1202; Bradley Mfg. Co. v. Eagle Mfg. Co., 7 Cir., 57 F. 980; General Electric Co. v. Morgan-Gardner Electric Co., 7 Cir., 168 F. 52; Rumford Chemical Works v. Hygienic Chemical Co., 215 U.S. 156, 30 S.Ct. 45, 54 L.Ed. 137.

We are convinced from our study of the entire record that the court's finding that plaintiff knew defendant herein was conducting the Kansas litigation for the defendant therein is well supported by the evidence. The District Court therefore was right in applying the doctrine of *res adjudicata*.

The decree is affirmed.