## AMERICAN WATER WORKS & ELECTRIC CO., Inc., et al. v. ALLEGHENY TRUST CO. et al.

### No. 3262.

District Court, W. D. Pennsylvania.

Oct. 28, 1940.

See, also, 43 F.Supp. 103.

Edward O. Tabor, of Pittsburgh, Pa., and Sullivan & Cromwell, of New York City, for plaintiff.

John J. Heard and John C. Bane, Jr. (of Reed, Smith, Shaw & McClay), both of Pittsburgh, Pa., for defendant Allegheny Trust Co.

R. T. M. McCready, of Pittsburgh, Pa., for defendants Florida Nat. Bank of Jacksonville and another.

McVICAR, District Judge.

This action is before us on the interpleader issue or issues previously ordered, to determine whether the Allegheny Trust Company, surviving executor of George W. Pusey, deceased, under his Pennsylvania will, or whether The Florida National Bank of Jacksonville and Roland T. White, executors under his Florida will, is entitled to the dividends and stocks involved in this proceeding. The court, after hearing, makes the following findings of fact and conclusions of law:

### Findings of Fact.

1. George W. Pusey, decedent, was born October 22, 1844. He died August 31, 1933.

2. The decedent resided in Pittsburgh, Allegheny County, Pennsylvania, during the last fifty years of his life, excepting approximately, the last two years thereof, during

which time he resided in the City of Orlando, County of Orange, Florida.

3. June 12, 1929, the decedent made his last will and testament in Pittsburgh, Allegheny County, Pennsylvania, wherein he disposed of all of his property and named as executors, the Allegheny Trust Company and Charles W. Dahlinger, Esq. Dahlinger has since died.

4. August 22, 1933, the decedent, in Florida, made another paper, purporting to be his last will and testament, wherein he disposed of all of his property and named The Florida National Bank of Jacksonville and Roland T. White, as executors.

5. September 1, 1933, the executors under the Florida will offered said will for probate before the proper court in the County of Orange, Florida. On the same day, Charles W. Dahlinger filed a caveat or petition, objecting to the probate of the Florida will. Judgment was taken against Dahlinger by default. September 14, 1933, the Women's Home Missionary Society of the Pittsburgh Conference of the Methodist Episcopal Church filed a petition before the court in Florida, contesting the probate of the Florida will, on the ground that the decedent was domiciled in Allegheny County, Pennsylvania, at the time of his death; that he lacked testamentary capacity at the time of the making of the Florida will August 22, 1933; and that said will was procured by undue influence. The Pennsylvania executors were not parties to said contest. A hearing was held before the proper court in Florida and a decree was entered October 27, 1933 admitting the Florida will to probate. The court found that the decedent was domiciled in the County of Orange, Florida, at the time of his death; that he had testamentary capacity at the time he made the Florida will; and that it was not procured by undue influence. No appeal from this decision was taken.

6. The Allegheny Trust Company, executor in the Pennsylvania will, paid the attorneys' fees, the court and other costs in the Florida will contest. The same attorneys were employed in the Florida will contest as were employed to assist in the Pennsylvania will case. There was an agreement or understanding between the Allegheny Trust Company and representatives of the Women's Home Missionary Society, aforesaid, that the society would indemnify the Allegheny Trust Company from personal loss for the fees and expenses paid. The Pennsylvania executors were not shown to

have exercised any control in the Florida will contest.

7. The executors under the Florida will, September 1, 1933, filed a caveat to the probate of any will other than the Florida will in the Register of Wills Office of Allegheny County, Pennsylvania. The Pennsylvania will was offered for probate September 14, 1933. The questions involved in the probate were certified to the Orphans' Court of Allegheny County. It held a hearing, at which appeared and participated the executors under the Pennsylvania will and the executors under the Florida will. The probate of the Pennsylvania will was ordered by the Orphans' Court September 29, 1933.

8. January 24, 1934, petition for revocation of the probate in Pennsylvania was filed by Elizabeth O. Lavely et al., legatees under the Florida will. The executors under the Pennsylvania will and the executors under the Florida will were made parties. Answer was filed by the Florida executors. Exceptions were also taken to the probate of the Pennsylvania will. The issues of domicile of Pusey at the time of his death, testamentary capacity at the time of the making of the Florida will, undue influence in the procuring thereof and whether the Florida decree of probate was res judicata were raised. A hearing was held in which the Florida executors took part. February 19, 1935, the Orphans' Court of Allegheny County dismissed the petition of Elizabeth O. Lavely et al. and overruled the exceptions filed; said court held that the decedent was domiciled in Allegheny County, Pennsylvania, at the time of his death; that he did not have testamentary capacity at the time he made the Florida will; that said will was procured by undue influence and that the decision of the Florida court was not res judicata.

9. An appeal was taken by the Florida executors and other proponents of the Florida will, from the decree of the Orphans' Court of Allegheny County, to the Supreme Court of Pennsylvania. That court, on January 31, 1936, affirmed the decree of the Orphans' Court of Allegheny County. Its decision is reported in Re Pusey's Estate, 321 Pa. 248, 184 A. 844. The Florida executors petitioned for a reargument before the Supreme Court of Pennsylvania, which was refused. They also petitioned the Supreme Court of the United States for a writ of certiorari to review the decision of the Supreme Court of Pennsylvania, which was refused, Lavely

v. Young Women's Christian Ass'n, 299 U.S. 572, 57 S.Ct. 36, 81 L.Ed. 422.

10. The approximate value of Pusey's estate at the time of the contest in the Orphans' Court of Allegheny County was $1,250,000. It included tracts of real estate in Allegheny County, Pennsylvania, and a residence at Orlando, Florida. His stocks and securities (which included the stocks involved in this case) were kept in a safe deposit box in the Allegheny Trust Company at Pittsburgh, where he had kept them for a long time. On August 22, 1933, he wrote a letter and executed a power of attorney for the purpose of transferring said stocks and securities from Pittsburgh, Pennsylvania, to Orlando, Florida; this transfer was refused by the Allegheny Trust Company. The Orphans' Court of Allegheny County found that said letter and power of attorney were procured by fraud.

11. The decedent, at the time of his death, owned stock in the American Water Works & Electric Company, the West Penn Electric Company and the South Pittsburgh Water Company. Demand was made by the executors under the Pennsylvania will and by the executors under the Florida will for payment of the dividends accruing on said stocks and each set of executors demanded a transfer of said stocks to it. Whereupon, the aforesaid companies filed a petition for an interpleader in this court between the two sets of executors to determine who was entitled to receive the dividends accruing and accrued; also, the transfers of the stock. This court, November 2, 1939, directed that an issue or issues be framed to determine said questions, wherein the Allegheny Trust Company, surviving executor of the decedent under the Pennsylvania will, should be the plaintiff, and the Florida executors under the Florida will, should be the defendant. These parties filed a complaint and answer. A hearing was duly held and from the evidence received, the court has made the foregoing findings of fact.

## Conclusions of Law.

I. The decree of the Orphans' Court of Allegheny County, Pennsylvania, affirmed by the Supreme Court of Pennsylvania (wherein certiorari was refused by the Supreme Court of the United States) is res judicata; that the decedent was domiciled in Allegheny County, Pennsylvania, at the time of his death; that the decision made by the court in Florida is not res judicata; that the decedent, at the time of making the Florida will, lacked testamentary capacity; that said will was procured by undue influence; that the Pennsylvania will was properly admitted to probate; and that the Allegheny Trust Company is the executor of the estate of said decedent.

II. The Pennsylvania executor is entitled to receive the dividends and to have the stock transferred to it which is involved in this interpleader proceeding.

III. Judgment should be entered for the plaintiff in the interpleader proceeding with costs.

## Opinion.

The Pennsylvania executor contends that the decree of the Orphans' Court of Allegheny County, Pennsylvania, is res judicata that the decedent was domiciled in Pennsylvania at the time of his death; that the Pennsylvania will was his last will and testament; that it was duly probated in the Register of Wills Office of Allegheny County; that it is the executor of the decedent's estate; that the decedent lacked testamentary capacity at the time of the making of the Florida will and that said will was procured by undue influence. It contends, also, that the Pennsylvania executor is entitled to receive the dividends from the stock involved in this case and to have the same transferred to it.

The Florida executors contend that the decree of probate in Florida is conclusive as to tangible property in Florida; that this court has the right to determine the domicile of Pusey at the time of his death, regardless of the findings of the Florida and the Pennsylvania courts; that the executors of the state wherein Pusey was found to be domiciled, would be entitled to receive the dividends and transfers of the stock involved.

The Pennsylvania executors were not parties to the contest in Florida nor were they in control of said contest. In the contest in the Orphans Court of Allegheny County, in the Supreme Court of Pennsylvania and in the certiorari proceedings in the Supreme Court of the United States, the Pennsylvania executor and the Florida executors were parties. The issues in the Orphans' Court of Allegheny County and in the Supreme Court of Pennsylvania were the domicile of Pusey at the time of his death; whether Pusey had testamentary capacity at the time of the making of the Florida will; whether said Florida will was

procured by undue influence and whether the decree of the Florida court was res judicata.

The Orphans' Court of Allegheny County found that Pusey was domiciled in Allegheny County, Pennsylvania at the time of his death; that the Pennsylvania will made by him was his last will and testament; that it was duly probated in the Register of Wills Office of Allegheny County; that the Allegheny Trust Company is the executor of Pusey's estate under the Pennsylvania will; that Pusey did not have testamentary capacity at the time of the making of the Florida will; that said will was procured by undue influence and that the decree of the Florida court is not res judicata.

In Treinies v. Sunshine Mining Company et al., 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85, it appears from the opinion in that case, that Amelia Pelkes died in the State of Washington in 1922, leaving her husband John Pelkes and one child, Katherine Mason, the offspring of a former marriage, who were the beneficiaries in her will; that as a part of the community estate were 30,598 shares of Sunshine Mining Company stock. In the order of distribution of her estate in the State of Washington, three-fourths interest in said stock was distributed to Pelkes and one-fourth to Mrs. Mason. The estate of Mrs. Pelkes was not distributed in accordance with the order of distribution. The inventoried property, of which the Mining Company stock was not a part, was divided as per an agreement between Pelkes and Mrs. Mason. Pelkes and his assignee contended that this distribution was made in consideration of Mrs. Mason releasing all her interest to Pelkes in said Mining Company stock. Mrs. Mason asserts that Pelkes was to hold one-half of the stock, 15,299 shares, in trust for her.

In August, 1934, Mrs. Mason entered a suit in the District Court of Idaho (a state court) for the purpose of establishing her title in the 15,299 shares mentioned above. August 18, 1936, after an appeal to the Supreme Court of Idaho, it was decreed that the stock and dividends belonged to Mrs. Mason. Certiorari to the Supreme Court of Idaho was refused by the United States Supreme Court.

Before the entry of the first decree in the State of Idaho, Mrs. Mason filed a petition in the Superior Court of Spokane County, Washington, wherein the will of Mrs. Pelkes was probated, to remove the executor, John Pelkes, for failure to file his report of distribution and for dissipation of the Sunshine stock. Pelkes, in said proceedings, claimed the ownership of said stock. Thereupon, Mrs. Mason applied to the Supreme Court of Washington for a writ of prohibition against further proceedings in the Superior Court of Washington on the ground of lack of jurisdiction in that court; this writ was refused. May 31, 1935, judgment was entered in the Superior Court of Washington upholding in full the ownership of Pelkes.

After the Supreme Court of Idaho had decided the Idaho suit against Pelkes and his assignee, they filed in August 1936, a suit in the Superior Court of Washington against Katherine Mason and others, alleging that they were owners of the stock; that the Idaho decree was invalid for lack of jurisdiction and asking that their title to the stock be quieted. At this point, the Sunshine Mining Company filed its bill of interpleader in the United States District Court of Idaho to have John Pelkes and his assignee interplead with Mrs. Mason for the purpose of determining the ownership of said stock in the Sunshine Mining Company. In the opinion of the Supreme Court, Treinies v. Sunshine Mining Co., 308 U.S. 66, 60 S.Ct. 44, 46, 84 L.Ed. 85, it is stated: "The occasion for the interpleader was the existence of inconsistent judgments as to the ownership of the Sunshine stock. The Superior Court of Spokane County, Washington, in administering the estate of Amelia Pelkes, adjudged that it was the property of John Pelkes, assignor of petitioner, Evelyn H. Treinies, and the District Court of Shoshone County, Idaho, adjudged that the same property belonged to respondent, Katherine Mason. They are the sole disputants. Other parties may be disregarded. On account of conflict between the judgments of the respective courts of sister states and the assertion of the failure to give full faith and credit to both in the interpleader action, we granted certiorari."

The United States District Court of Idaho entered a decree in favor of Mrs. Mason. From this decree an appeal was taken to the Circuit Court of Appeals for the Ninth Circuit, which affirmed the decree of the United States District Court of Idaho. In commenting on the decisions of the United States District Court and the Circuit Court of Appeals, the Supreme Court stated:

"The Court of Appeals correctly determined that the issue of jurisdiction vel non of the Washington court could not be relitigated in this interpleader. As the Idaho District Court was a court of general jurisdiction, its conclusions are unassailable collaterally except for fraud or lack of jurisdiction. The holding by the Idaho court of no jurisdiction in Washington necessarily determined the question raised here as to the Idaho jurisdiction against Miss Treinies' contention. She is bound by that judgment.

"The power of the Idaho court to examine into the jurisdiction of the Washington court is beyond question. Even where the decision against the validity of the original judgment is erroneous, it is a valid exercise of judicial power by the second court.

"One trial of an issue is enough. 'The principles of res judicata apply to questions of jurisdiction as well as to other issues,' as well to jurisdiction of the subject matter as of the parties."

 Res judicata includes not only defenses made but defenses which might have been made. In Grubb v. Public Utilities Commission of Ohio, 281 U.S. 470, 478, 50 S.Ct. 374, 378, 74 L.Ed. 972, it is stated:

"The thing presented for adjudication in the case in the state court was the validity of the order, and it was incumbent on the appellant to present in support of his asserted right of attack every available ground of which he had knowledge. He was not at liberty to prosecute that right by piecemeal, as by presenting a part only of the available grounds and reserving others for another suit, if failing in that. Werlein v. New Orleans, 177 U.S. 390, 398, et seq., 20 S.Ct. 682, 44 L.Ed. 817 [820]; United States v. California & Oregon Land Co., 192 U.S. 355, 358, 24 S.Ct. 266, 48 L.Ed. 476 [478].

"As the ground just described was available but not put forward the appellant must abide [by] the rule that a judgment upon the merits in one suit is res judicata in another where the parties and subject-matter are the same, not only as respects matters actually presented to sustain or defeat the right asserted, but also as respects any other available matter which might have been presented to that end."

 Payment of expenses in itself does not constitute a control of litigation. In Williams v. Lumbermen's Insurance Company, 332 Pa. 1, 1 A.2d 658, 660, it is stated by the Supreme Court of Pennsylvania: " * * * Merely to aid in the trial, either personally or through counsel, or to pay the attorney's fees, or to contribute toward the expenses of the litigation, is not enough to cause the person doing so to be bound by the judgment rendered. Litchfield v. Goodnow's Adm'r, 123 U.S. 549, 8 S.Ct. 210, 31 L.Ed. 199; Rumford Chemical Works v. Hygienic Chem. Co., 215 U.S. 156, 30 S.Ct. 45, 54 L.Ed. 137."

 Under the facts and the law, as aforestated, I am of the opinion that the decree of the Orphans' Court of Allegheny County, Pennsylvania, affirmed by the Supreme Court of Pennsylvania is res judicata that Pusey was domiciled in Pennsylvania at the time of his death; that the Pennsylvania will was his last will and testament; that it was duly probated in the Register of Wills Office of Allegheny County; that the Allegheny Trust Company is the executor of his estate under said will; that Pusey lacked testamentary capacity at the time of the making of the Florida will; that said will was procured by undue influence and that the decree of the Florida court is not res judicata.

Let an order for judgment be prepared in accordance with the foregoing findings of fact, conclusions of law and this opinion.