## OSTBY & BARTON CO. v. JUNGERSEN.

### Civ. No. 1438.

District Court, D. New Jersey.

Oct. 31, 1941.

Milton, McNulty & Augelli, of Jersey City, N. J. (John Vaughan Groner, of New York City, of counsel), for plaintiff.

Milford Salny, of Netcong, N. J. (Karl W. Flocks, of Washington, D. C., of counsel), for defendant.

SMITH, District Judge.

This suit, which arises under the patent laws, was instituted pursuant to and in accordance with the provisions of the Declaratory Judgment Act, 28 U.S.C.A. § 400. The issues are those usually arising in a suit for patent infringement, to wit, validity and infringement. The plaintiff seeks a declaratory judgment on the said issues. The defendant moves to dismiss the complaint on the ground that the allegations thereof do not present an actual controversy within the meaning of the said act.

The plaintiff is, and has been, engaged in the manufacture and sale of jewelry. Defendant is, and has been, the owner of a patent (No. 2,118,468), the claims of which are directed to an article of jewelry and the methods of casting it. The defendant, pursuant to Section 4900 of the Revised Statute, 35 U.S.C.A. § 49, by letter dated June 27, 1938, asserted against the plaintiff a claim of infringement and demanded that the plaintiff discontinue the manufacture of the infringing article and account for profits theretofore earned. The plaintiff denied infringement and thereby invited suit, but without response from the defendant.

Thereafter, the controversy remained dormant until October 30, 1940, when the plaintiff was informed that the defendant had instituted an action (Civil Action No. 1238) for patent infringement against Sears-Roebuck & Co., a dealer, in the United States District Court, Eastern District of Pennsylvania. The said action was directed to an article of jewelry of which the plaintiff was admittedly the manufacturer. It is to be noted, however, that of the claims of the patent only one, Claim No. 6, was in suit. The said claim was adjudged valid and infringed.

The Declaratory Judgment Act, by its express terms, is limited in its application to "cases of actual controversy", the essential elements of which have been clearly defined by the Supreme Court in the case of Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240, 57 S.Ct. 461, 464, 81 L.Ed. 617, 108 A.L.R. 1000, as follows: "A 'controversy' in this sense must be one that is appropriate for judicial determination. * * * A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. * * * The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. * * * It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. * * *" When the undisputed facts hereinabove stated are considered in the light of the foregoing interpretation, it is evident that the instant suit comes within the general scope of the act. There are present all the elements of an adversary proceeding essential to an action for declaratory judgment; and the issues raised admit of an immediate, definitive and final determination. The Treemond Company v. Schering Corporation, 3 Cir., 122 F.2d 702, filed Sept. 3, 1941; Lances et al. v. Letz, 2 Cir., 115 F.2d 916; Creamery Package Mfg. Co. v. Cherry-Burrell Corp. et al., 3 Cir., 115 F.2d 980; Caterpillar Tractor Co. v. International Harvester Co., 9 Cir., 106 F.2d 769; E. W. Bliss Co. v. Cold Metal Process Co., 6 Cir., 102 F.2d 105; E. Edelmann & Co. v. Triple-A Specialty Co., 7 Cir., 88 F.2d 852; Zenie Bros. v. Miskend

et al., D.C., 10 F.Supp. 779; Borchard, Declaratory Judgments, 2d Ed. 1941, 807.

It is contended, in effect, by the defendant that the issues of validity and infringement are res adjudicata, having been determined in the action, hereinabove referred to, in the United States District Court, Eastern District of Pennsylvania. The contention is untenable. It is well recognized that one who prosecutes or defends a suit in the name of another, to establish and protect his own right, or who assists in the prosecution or defense of an action in aid of some interest of his own, and who does this openly, to the knowledge of the opposing party, is as much bound by the judgment, and as fully entitled to avail himself of it, as if he had been a party to the record. Souffront v. La Compagnie Des Sucreries, 217 U.S. 475, 30 S.Ct. 608, 54 L.Ed. 846; E. I. Du Pont De Nemours & Co. v. Sylvania Industrial Corp., 4 Cir., 122 F.2d 400; Doherty Research Co. v. Universal Oil Products Co., 7 Cir., 107 F.2d 548; Carson Inv. Co. v. Anaconda Copper Mining Co., 9 Cir., 26 F.2d 651; N. O. Nelson Mfg. Co. v. F. E. Myers & Bro. Co., 6 Cir., 25 F.2d 659; Beyer Co. et al. v. Fleischmann Co., 6 Cir., 15 F.2d 465; Elliott Co. v. Roto Co. et al., 2 Cir., 242 F. 941; Bemis Car Box Co. v. J. G. Brill Co., 3 Cir., 200 F. 749; Foote v. Parsons Non-Skid Co. et al., 6 Cir., 196 F. 951. The said rule, however, is not applicable in the instant case. The plaintiff herein was neither a defendant, nor in privity with a defendant in the prior action, and is, therefore, not estopped from again raising the same issues. Triplett et al. v. Lowell et al., 297 U.S. 638, 56 S.Ct. 645, 80 L.Ed. 949; I. T. S. Rubber Co. v. Essex Rubber Co., 272 U.S. 429, 47 S.Ct. 136, 71 L.Ed. 335; Rumford Chemical Works v. Hygienic Chemical Company, 215 U.S. 156, 30 S.Ct. 45, 54 L.Ed. 137; Stoody Co. v. Carleton Metals, Inc., et al., 9 Cir., 111 F.2d 920; Nash Motors Co. v. Swan Carburetor Co., 4 Cir., 105 F.2d 305; Hy-Lo Unit & Metal Products Co. v. Remote Control Mfg. Co., 9 Cir., 83 F.2d 345; Traitel Marble Co. v. U. T. Hungerford Brass & Copper Co., 2 Cir., 18 F.2d 66. The rule is not operative in the absence of actual participation in and control of the prior litigation by the party by whom or against whom the rule is invoked. Triplett et al. v. Lowell et al; Rumford Chemical Works v. Hygienic Chemical Co.; I. T. S. Rubber Co. v. Essex Rubber Co.; E. I. Du Pont De Nemours & Co. v. Sylvania Industrial Corp., all supra.

The argument of the defendant is open to the further objection that the issues of the present suit are not identical with those of the prior suit. Claim No. 6 of the patent, as hereinabove stated, was the only one adjudged valid and infringed; the remaining claims were not litigated. The claims of a patent are separable, and, therefore, the estoppel of a prior judgment relating thereto extends only to those litigated, or which might have been litigated, in the action. Triplett et al. v. Lowell et al., supra; Russell v. Place, 94 U.S. 606, 24 L.Ed. 214; Nash Motors Co. v. Swan Carburetor Co., supra; General Motors Corp. v. Swan Carburetor Co., 6 Cir., 88 F.2d 876; Bemis Car Box Co. v. J. G. Brill Co., supra; Thompson et al. v. N. T. Bushnell Co., C.C., 80 F. 332; Mack v. Levy et al., C.C., 60 F. 751.

It is argued by the defendant that the plaintiff having either failed or refused to intervene in the prior action, is now estopped from initiating the present proceedings under the Declaratory Judgment Act. The argument finds no support in the reported decisions. The plaintiff, as the manufacturer of the alleged infringement involved in the prior action, could not intervene as a matter of right. Intervention under such circumstances is permissive, and may be either permitted or denied by the trial court in the exercise of its sound discretion. E. W. Bliss Co. v. Coal Metal Process Co., supra; Demulso Corporation v. Tretolite Co. et al., 10 Cir., 74 F.2d 805; Foote v. Parsons Non-Skid Co. et al., supra; see Chandler & Price Co. v. Brandtjen & Kluge, Inc., et al., 296 U.S. 53, 57, 56 S.Ct. 6, 80 L.Ed. 39; General Metalware Co. v. Nelson, 8 Cir., 107 F.2d 77, 80.

The defendant, in support of his contention that the issues of the instant suit have been adjudicated, relies also on the cases of Jungersen v. Jenkins et al., D.C., 30 F.Supp. 615, and Jungersen v. Morris Kaysen Co., D.C., 31 F.Supp. 703, in both of which the patent was held valid and infringed. The decisions in these cases by courts of coordinate jurisdiction, although persuasive as to the issues determined, are not binding on this court. The said decisions are not necessarily determinative of the issues of the immediate suit. Sanitary Refrigerator Co. v. Winters et al., 280 U.S. 30, 50 S.Ct. 9, 74 L.Ed. 147; Standard Brands, Inc. v. National Grain Yeast Corp., 3 Cir., 101 F.2d 814, affirmed, 308 U.S. 34, 60 S.Ct. 27, 84 L.Ed. 17; Traitel Marble Co.

v. U. T. Hungerford Brass & Copper Co., supra; McLaren Products Co. v. Cone Co. of America, D.C., 7 F.2d 120.

The motion to dismiss the complaint is denied.