COFAX CORPORATION v. MINNESOTA MINING & MANUFACTURING CO.

Civ. 31-670.

United States District Court S. D. New York.

July 25, 1947.

See also 8 F.R.D. 303.

Lackenbach & Hirschman, of New York City (Armand E. Lackenbach and Joseph Hirschman, both of New York City, of counsel), for plaintiff.

Burgess, Ryan & Hicks, of New York City (Newton A. Burgess, of New York City, George I. Haight, of Chicago, Ill., E. G. Carpenter and Harold J. Kinney, both of St. Paul, Minn., and M. K. Hobbs, of Chicago, Ill., of counsel), for defendant.

COXE, District Judge.

This is a motion by the defendant for summary judgment in its favor dismissing the complaint.

The suit is brought by the plaintiff, the Cofax Corporation, against the defendant, Minnesota Mining & Manufacturing Co., for a declaratory judgment decreeing that the Drew Patent No. 2,177,627 for adhesive sheeting, owned by the defendant, is invalid, and, if valid, not infringed by the adhesive sheeting and tape manufactured and sold by the plaintiff.

In prior suits instituted by the defendant in the District Court in Illinois against distributors of the plaintiff's adhesive tape for infringement of the patent, the patent was held valid and infringed by adhesive tape manufactured by the plaintiff. Minnesota Mining & Mfg. Co. v. Pax Plastics Corp., D. C., 65 F.Supp. 303. On appeal to the Circuit Court of Appeals for the Seventh Circuit the decree of the District Court was affirmed on January 9, 1947, (Minnesota Mining & Mfg. Co. v. International Plastic Corp., 159 F.2d 554) and final judgment on the mandate was thereafter entered.

The asserted ground of the motion is that the plaintiff, the Cofax Corporation, was in privity with the Cofax distributors in the Illinois litigation, and that the decree there is res judicata of the issues in the present suit.

There were originally two suits in the District Court in Illinois against distributors of Cofax tape, one commenced on May 29, 1945 and the other on May 31, 1945. The first suit named as defendants Pax Plastics Corporation, an Illinois corporation (later renamed Pax Tape Sales Company of Illinois); Harve Ferrill & Co., a Chicago partnership, and its individual members; the Cofax Corporation, a New York corporation; and Bulkley Dunton & Co., a New York partnership, and its individual members. The second suit named as sole defendant Freydberg Bros.—Strauss, Inc., a New York corporation. In the first suit, the Cofax Corporation, on motion, succeeded in having the attempted service of process upon it quashed on jurisdictional grounds, and thus took itself out of the case. The two suits were subsequently consolidated and determined as to the remaining defendants in one decree, in which Claims Nos. 1, 2, 3, 4, 5, 6, 7, 8 and 15 were adjudicated valid and infringed by the defendants respectively.

The present declaratory judgment suit was commenced on June 12, 1945 and the answer was filed on August 23, 1945. The complaint seeks a declaration with respect to Claims 4, 5, 6, 8, 10, 11, 15 and 16 of the patent. After the joinder of issue the defendant took the depositions of various officers and executives of the Cofax Corporation, Pax Tape Sales Company of Illinois, Harve Ferrill & Co., and Freydberg Bros.—Strauss, Inc., as adverse witnesses, for the purpose of showing the relation between Cofax and the various de-

fendants in the Illinois suits. These depositions form part of the printed record on appeal in the Illinois suits, and are relied on by the defendant in support of the motion.

█ The issues in the present suit are the same as those adjudicated against the Cofax distributors in the Illinois litigation; the complaint, except for formal parts, is identical with the answers interposed by the distributors in Illinois; the critical claims in issue are the same; and the adhesive tape involved is the same tape held to infringe by the Illinois decree. There is, however, no evidence to support a finding that the plaintiff controlled or participated in the defense of the Illinois suits on behalf of the Cofax distributors. It refused to take part in the suits, although originally named as a party; the different distributors employed attorneys of their own choosing to represent them; and there is no evidence that the plaintiff defrayed or assumed any of the expense incurred by the distributors in the litigation. All that appears is that the New York attorneys for the plaintiff prepared answers for the distributors and sent the papers to Chicago for filing by the Chicago attorneys for the distributors, and, further, that Mr. Hirschman, one of the plaintiff's New York attorneys, and Mr. Shuman, production manager for the plaintiff, attended two days of a four-day trial of the suits, in Chicago, in February 1946, as observers. Clearly, these two detached incidents are not sufficient in themselves to raise an estoppel against the plaintiff in the present suit. See I. T. S. Rubber Co. v. Essex Rubber Co., 272 U.S. 429, 47 S.Ct. 136, 71 L.Ed. 335; Bigelow v. Old Dominion Copper Min. & Smelting Co., 225 U.S. 111, 124, 126, 32 S.Ct. 641, 56 L.Ed. 1009, Ann.Cas.1913E, 875; Rumford Chemical Works. v. Hygienic Chemical Co., 215 U.S. 156, 160, 30 S.Ct. 45, 54 L.Ed. 137.

The defendant insists, however, that the plaintiff was in privity with the distributors in the Illinois suits by virtue of the relations existing between them. It is first argued that this appears from the evidence relating to Bulkley Dunton & Co. and Pax Tape Sales Company of Illinois, both of which were at different times exclusive distributors for the plaintiff. Bulkley Dunton & Co. was an exclusive distributor from the latter part of 1943 until the early part of 1944, when the relation was terminated. During this period Bulkley Dunton & Co. made substantial loans to the plaintiff, and is still a creditor. Pax Tape Sales Company of Illinois was formed in 1945, at the direction of the plaintiff's president, to handle the distribution of the plaintiff's Pax tape in Illinois and surrounding territory; it was an exclusive distributor, and had no other business than that of the sale of Pax tape manufactured by the plaintiff. This tape was purchased by the company from the plaintiff, and then resold to the Pax Company's own customers without any report of sales to the plaintiff. There was no interlocking of the plaintiff and the Pax Company through stock ownership or common officers or directors; the plaintiff paid none of the expenses of the Pax Company, and did not pay office rent, telephone service or stenographic service. The relations existing between the companies is summed up in the finding made by the District Court in Illinois in the determination of the motion of the defendant to quash the attempted service of process upon it, that the Pax Company "was not the instrumentality, agency or subsidiary of The Cofax Corporation in the State of Illinois".

█ I find nothing in the showing with respect to Bulkley Dunton & Co. and Pax Tape Sales Company of Illinois which constitutes a bar against the maintenance of the present suit. These two distributors were entirely independent selling agents who bought and sold the plaintiff's adhesive tape for their own respective accounts; in that respect they differed completely from the sales subsidiaries involved in Hart Steel Co. v. Railroad Supply Co., 244 U.S. 294, 37 S.Ct. 506, 61 L.Ed. 1148, and Goodyear Tire & Rubber Co. v. Overman Cushion Tire Co., 6 Cir., 66 F.2d 81. I do not think, either, that Warren Featherbone Co. v. DeCamp, C.C., 154 F. 198, is at all applicable. In that case the first suit was against a manufacturer, and the patent was declared invalid. The second suit was against exclusive sales agents of the manu-

facturer, and it was held that the decree of invalidity in the first suit was res judicata against the plaintiff, who had already had his day in court. A similar situation arose in General Chemical Co. v. Standard Wholesale Phosphate & Acid Works, 4 Cir., 101 F.2d 178. In that case the first suit was again against a manufacturer, and the plaintiff lost on the issue of infringement. The second suit was against a purchaser from the manufacturer in the first suit of material there charged to be an infringement of the patent, and it was held that the adverse decision in the first suit was res judicata against the plaintiff in the second suit. The distinguishing feature of those cases is that, in both, the first suit was against the manufacturer and the plaintiff lost, whereas in the present case the first suits were against the distributors. See Restatement of the Law of Judgments, §§ 96, 99.

 The defendant next points to the proof with respect to Freydberg Bros.—Strauss, Inc., as supporting its contention that the present suit is barred. This proof shows that the plaintiff was under contract to Freydberg Bros.—Strauss, Inc. to undertake, at its own expense, the defense of any patent infringement suit brought against Freydberg growing out of Freydberg's distribution of the plaintiff's tape. It also shows that when suit was started against Freydberg for infringement of the patent the plaintiff was promptly notified, but failed to undertake the defense. The defendant argues from this that the plaintiff was in a position of indemnitor towards Freydberg, and bound by the Illinois decree. It is, however, a well settled rule that where an action is first brought against the indemnitee, as it was here, the judgment binds neither the plaintiff nor the indemnitor in a subsequent action between them. Restatement of the Law of Judgments, § 96, subsection (2), (pp. 472-473). The reason for the rule stated in this subsection appears in Comment "j", at pages 481-482, as follows:

"A person who is not a party to an action, who is not represented in it and who does not participate in it, is entitled to an opportunity to litigate his rights and liabilities. Where an action is brought first against the one secondarily liable there is ordinarily no reason for an exception to the ordinary rules of mutuality and hence, since it is clear that the person primarily liable should not be bound by an action in which he does not participate and in which he is not represented, there is ordinarily no reason for binding the unsuccessful claimant in the subsequent action. * * *

"In its denial of the effect of res judicata to a judgment against the indemnitee in a subsequent action by the injured person against the indemnitor, the rule applies even though the indemnitor was notified and was given an opportunity by the indemnitee to defend, of which opportunity the indemnitor did not avail himself."

 I hold, therefore, that the decree against Freydberg Bros.—Strauss, Inc. in the Illinois litigation is not res judicata in the present suit.

The motion of the defendant for summary judgment in its favor dismissing the complaint is accordingly denied.