Argued June 21, reversed and remanded July 10, 1917.

# DUNIWAY v. WILEY.

(166 Pac. 45.)

**Frauds, Statute of—Contract not to be Performed Within Year—Attorney's Contract to Contest Assessments.**

1. An attorney's contract with property owners to contest proceedings that were being taken and might be taken in the future by a city to levy and collect assessments for a municipal improvement was not within the statute of frauds (L. O. L., § 808, subd. 1), as not to be performed within a year, since only where the contract shows by its terms, or where it is within the contemplation of the parties, that it cannot be performed within a year, does the statute apply, and in general a verbal stipulation to render a particular service which fixes no definite or contingent time for performance, but is capable of performance within a year, is not controlled by the statute.

**Limitation of Actions—Statute of Limitations—Initiation of Period—Attorney's Cause of Action.**

2. Where an attorney, pursuant to his contract to contest assessments for paving in the City of Portland for a contingent fee of a third saved property owners on the original amount charged against their property, brought suit and obtained decree setting aside the first assessment, which decree was entered June 28, 1907, and, under Portland Charter of 1903, Sections 400, 401, the city had the right to make a reassessment of the cost of the improvement within ten years of the passage of the resolution of intention for the making of the original work, the statute of limitations began to run against the attorney's claim for compensation against his clients April 3, 1913, when the city's time for reassessment expired, and did not begin to run on rendition of the decree.

From Multnomah: George N. Davis, Judge.

Department 2. Statement by Mr. Justice Bean.

This is an action brought in the District Court of Multnomah County by plaintiff Ralph R. Duniway, an attorney at law, on an express contract entered into during the year 1903 between him and defendants Clarissa Wiley and Andrew C. Smith. He alleges in his complaint that defendants, in conjunction with numerous property owners similarly situated, at that time employed him to contest "all proceedings that were being taken and might be taken in the future by

the City of Portland to levy and collect assessments"
for a municipal improvement affecting certain prop-
erty on Third Street, in Portland, Oregon; that he was
to be paid for such services one third of whatever was
saved on the principal of the assessment then proposed
to be made, and thereafter on behalf of said property
owners, he instituted suit in the Circuit Court of
Multnomah County against the city, wherein, on June
28, 1907, a decree was entered canceling the assess-
ment that had been levied against said property in
the meantime and enjoining its collection.  He further
alleges that under its charter the City of Portland
"had a right to attempt to make a reassesment at any
time within ten years after instituting assessment pro-
ceedings"; that under said contract "the compensa-
tion of the plaintiff was not fully earned until ten
years had expired," namely, April 2, 1913; that the
owners of the property were saved $368.53, and that
under the contract plaintiff was entitled to $122.84.
He admits the payment of $10 on February 29, 1904,
and asks judgment for the balance of $112.84.

In their answer defendants deny most of the ma-
terial allegations of the complaint and set up a dif-
ferent special contract wherein, on behalf of the estate,
they employed plaintiff to do the work performed at a
stated price, namely, $20 if successful, and $10 if
unsuccessful.  The latter amount they paid and they
plead the statute of limitations as to the other $10.

The reply traverses the new matter in the answer.
Upon a trial of the issues on appeal to the Circuit
Court, at the conclusion of plaintiff's evidence, a judg-
ment of nonsuit was granted from which plaintiff
appeals.                    REVERSED AND REMANDED.

For appellant there was a brief and an oral argument by *Mr. Ralph R. Duniway.*

For respondents there was a brief over the names of *Mr. Karl Herbring* and *Messrs. Malarkey, Seabrook & Dibble,* with an oral argument by *Mr. Herbring.*

MR. JUSTICE BEAN delivered the opinion of the court.

As stated, defendants admit the making of the contract for the rendition of the services of plaintiff, but allege that the compensation agreed to be paid therefor was less than the amount sued for. Without objection prior to the reception thereof, the plaintiff introduced evidence of the contract as claimed by him in the complaint, and of the successful prosecution of the suit to set aside the street assessment against the defendants' property and the failure of payment for the agreed fees, except $10. It is contended on behalf of defendants that the contract was not to be performed within a year and therefore is within the statute of frauds: Section 808, L. O. L., subdivision 1.

1. It cannot be said that the contract to contest the assessment by its terms was not to be performed within a year. From the nature of the litigation involved in that suit the time necessary for the completion thereof would depend to a large extent upon the kind of a decree obtained. If the plaintiffs had succeeded in having the collection for the improvement of that part of Third Street in question in that case perpetually enjoined as of no benefit to the property owners, that would have been a full performance of the agreement and might under favorable conditions have been carried out within a year after the engagement; therefore, the contract was not within the statute of frauds, Section 808, L. O. L., subdivision 1. It

is only where the contract shows by its terms or where it is within the contemplation of the parties that it cannot be performed within a year that the statute applies: *Bickel* v. *Wessinger,* 58 Or. 98, 104 (113 Pac. 34); *Warner* v. *Texas & Pac. Ry. Co.,* 164 U. S. 418, 434 (41 L. Ed. 495, 17 Sup. Ct. Rep. 147); note to *White* v. *Fitts,* 15 L. R. A. (N. S.) p. 321. In general, a verbal stipulation to render some particular service which fixes no definite or contingent time for its performance, but which is capable of performance within one year after the same is made, is not controlled by the statute, although the act probably will not be, and was not expected to be fulfilled within that time: 20 Cyc. pp. 199 C, and 206.

"In *McPherson* v. *Cox,* 96 U. S. 404 (24 L. Ed. 746), where, among other defenses to an attorney's compensation on a contingent fee contract, is set up the statute of frauds, the supreme court of the United States, speaking by Justice MILLER, says: 'It is said to be within the statute of frauds, because not in writing and not to be performed within a year. But the statute of frauds applies only to contracts which, by their terms, are not to be performed within a year, and do not apply because they may not be performed within that time. In other words, to make a parol contract void, it must be apparent that it was the understanding of the parties that it was not to be performed within a year from the time it was made. *Peter* v. *Compton,* Skin. 353, decided in King's Bench by Lord Holt, and the cases collected under that one in 1 Sm. L. C. (marg.) 432. There is nothing in the present contract to show that it was not to be performed inside of a year, nor anything to show that it could not have been performed within that time. The action of ejectment which settled the forfeiture of the lease might have been brought and tried within that time. * * "

2. It is next claimed by defendants that the statute of limitations has run against the claim. The parties made an agreement for the plaintiff, as an attorney, to prosecute proceedings to contest an assessment for certain paving in the City of Portland made under the city charter upon a contingent fee of one third of whatever was saved to the defendants on the original amount charged against the property. Pursuant to the employment the attorney brought suit and obtained a decree setting aside the first assessment, which decree was entered June 28, 1907. Under Sections 400 and 401 of the Portland charter of 1903, the city had the right to make a reassessment of the cost of the improvement within ten years from the passage of the resolution of intention for the making of the original work. The time for such reassessment would expire in this matter on April 3, 1913. The defendants' attorney in the original suit was not able to obtain a decree enjoining a reassessment. The defendants assert that the statute of limitations commenced to run at the time of the rendition of the decree June 28, 1907. In order for the counsel to earn his fee as per agreement it was his duty to obtain a final adjudication against the assessment or some part thereof or a decree that would become final so that the defendants would not be required to pay all the cost of the paving. Under the circumstances of the case in question the time for a proceeding to be taken by the city to perfect a lien upon defendants' real property did not expire until the former date (1913), and the statute did not commence to run against plaintiff's claim until that time, consequently the time for the commencement of the action, viz., six years after the cause of the action arose had not expired when this action was instituted: *Hughes* v. *Portland,* 53 Or. 370 (100

Pac. 942).    As the record of the case now stands, the plaintiff is entitled to payment of the sum of $112.84, for the services admitted to have been contracted for and rendered.    The judgment of the Circuit Court will therefore be reversed and the cause remanded for further appropriate proceedings.

REVERSED AND REMANDED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE MOORE and MR. JUSTICE McCAMANT concur.